**23-1091**

IN THE

# United States Court of Appeals

**FOR THE FEDERAL CIRCUIT**

DEBORAH A. PERLICK,

*Petitioner,*

—v.—

DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

PETITION FOR REVIEW OF THE MERIT SYSTEMS PROTECTION BOARD
NO. MSPB-1: NY-1221-19-0052-P-2

## REPLY BRIEF FOR PETITIONER

ROBERT B. STULBERG
PATRICK J. WALSH
ZACHARY R. BERGMAN
STULBERG & WALSH, LLP
14 Wall Street, Suite 5G
New York, New York 10005
(212) 268-1000

*Attorneys for Petitioner*

May 3, 2023

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

POINT I
THE BOARD IS AUTHORIZED TO AWARD FUTURE CONSEQUENTIAL DAMAGES UNDER THE WPA .......... 3

POINT II
THE BOARD IMPROPERLY REQUIRED DR. PERLICK TO "GUARANTEE" FUTURE EMPLOYMENT, AT THE VA OR ELSEWHERE, BY INJECTING THE REQUIREMENT OF "CERTAINTY" INTO THE PREPONDERANCE STANDARD .......... 7

POINT III
THE RECORD EVIDENCE ESTABLISHES BY PREPONDERANT EVIDENCE THAT DR. PERLICK WOULD HAVE WORKED BEYOND MARCH 31, 2020 .......... 10

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*AK Steel Corp v. United States*,
226 F.3d 1361 (Fed. Cir. 2000) .......... 12

*Matter of Bagnulo v. Department of the Interior*,
2001 WL 1629878 (Sep't 5 2001).......... 6

*Bohac v. Dep't of Agriculture*,
239 F.3d 1334 (Fed. Cir. 2001) .......... 4

*Carson v. Dep't of Energy*,
64 F. App'x 234 (Fed. Cir. 2003) .......... 6, 7

*Citizens Fed. Bank v. United States*,
474 F.3d 1314 (Fed. Cir. 2007) .......... 12

*In re Cook*,
205 B.R. 437 (Bankr. N.D. Fla. 1997).......... 8

*Edwards v. Sch. Bd. Of City of Norton, Va.*,
658 F.2d 951 (4th Cir. 1981) .......... 11

*Emamian v. Rockefeller Univ.*,
No. 07 CIV 3919 (DAB), 2018 WL 2849700 (S.D.N.Y. June 8, 2018), *aff'd*, 971 F.3d 380 (2d Cir. 2020).......... 11

*Fifth Third Bank v. U.S.*,
518 F.3d 1368 (Fed. Cir. 2008) .......... 4

*Matter of Guzman v. Dep't of Homeland Sec.*,
2020 WL 5879686 (Sep't 30 2020) .......... 6

*Hickey v. Dep't of Homeland Sec.*,
766 F. App'x 970 (Fed. Cir. 2019).......... 6, 7

*LaLonde v. Sec'y of Health & Human Servs.*,
746 F.3d 1334 (Fed. Cir. 2014) .......... 8

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017) .......... 4

PAGE(S)

*Moberley v. Secretary of Health and Human Services*, 592 F.3d 1315 (Fed. Cir. 2010) .......... 1, 8, 9

*Matter of Muhammad v. Dep't Veterans Affairs*, 2020 WL 7348408 (Dec. 7, 2020).......... 6

*Oliva v. Dep't of Veterans Affairs*, 817 F. App'x 980 (Fed. Cir. 2020).......... 4

*Oliva v. United States*, 961 F.3d 1359 (Fed. Cir. 2020) .......... 5

*Pastor v. Dep't of Veterans Affairs*, 87 M.S.P.R. 609 (2001).......... 5, 6

*Pastor v. Dep't of Veterans Affairs*, 94 M.S.P.R. 353 (2003).......... 6

*Simanski v. Sec'y of Health & Human Servs.*, 671 F.3d 1368 (Fed. Cir. 2012) .......... 8

*Walker v. Ford Motor Co.*, 684 F.2d 1355 (11th Cir. 1982) .......... 11

**Statutes**

5 U.S.C. § 1221(g)(1)(A)(i) .......... 3, 5

5 U.S.C. § 1221(g)(1)(A)(ii) .......... 3, 4, 5, 6

Whistleblower Protection Act (as amended by the Whistleblower Enhancement Act of 2012) ("WPA") ..........*passim*

**Regulations**

5 C.F.R. § 1201.4(q) .......... 2, 8

**Other Authorities**

BLACK'S LAW DICTIONARY, *Foreseeability* (11th ed.).......... 12

BLACK'S LAW DICTIONARY, *Preponderance of the Evidence* (11th ed. 2019).......... 9

## PRELIMINARY STATEMENT

Petitioner Deborah A. Perlick ("Dr. Perlick") respectfully submits this brief in reply to Respondent Department of Veterans Affairs' brief, and in further support of her Petition for Review of the Merit System Protection Board's ("the Board") July 18, 2022 Initial Decision (Dominguez, A.L.J.), which denied her request for consequential damages for lost future earning capacity.

As the VA acknowledges, the applicable evidentiary standard for assessing Dr. Perlick's entitlement to reasonable and foreseeable consequential damages is "preponderance of the evidence." The VA further concedes that the Board denied Dr. Perlick's request for reasonable and foreseeable lost earning capacity damages because Dr. Perlick did not "guarantee" that she would have worked beyond March 31, 2020, the date on which one of the many funded grants on which she worked during her 20-year VA tenure was scheduled to conclude.

As this Court has long held, however, the applicable level of proof for preponderance "is not certainty," but rather that "the existence of a fact is more probable than its nonexistence." *See, e.g., Moberley v. Secretary of Health and Human Services*, 592 F.3d 1315, 1322, n.2 (Fed. Cir. 2010). When the Board imposed on Dr. Perlick an obligation to "guarantee" her future employment at the VA or elsewhere beyond an arbitrary date, it impermissibly injected a requirement of "certainty" into the preponderance standard.

The VA asks the Court to overlook this error, characterizing the Board's reference to a "guarantee" as equivalent to a conclusion that it was not reasonable and foreseeable that Dr. Perlick would have worked beyond March 31, 2020. But this argument confuses the standard for proving that a fact is reasonable and foreseeable — i.e., "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue" (5 C.F.R. § 1201.4(q)) — with the factual evaluation and weighing of the evidence that the Board was required to, but did not, undertake.

The VA further contends, without any substantive discussion or legal support, that consequential damages for lost future earning capacity are categorically unavailable under the Whistleblower Protection Act (as amended by the Whistleblower Enhancement Act of 2012) ("WPA"). But this unsupported, conclusory assertion contradicts the plain language of the WPA, the legislative intent of the 2012 amendment, this Court's own decisions, and decades of Board decisional law establishing the availability of prospective consequential damages under the WPA.

Finally, the VA's failed efforts to challenge Dr. Perlick's overwhelming evidence that she would have continued working at the VA or elsewhere beyond March 31, 2020 underscore the Board's own failure to consider and weigh Dr.

Perlick's evidence, or explain the basis for its conclusion to the contrary. The VA ignores much of Dr. Perlick's evidence altogether — including the impact on her job search of false rumors about the reason for her termination. Instead, the VA simply repeats that Dr. Perlick worked on term-limited appointments, ignoring that she worked on a succession of such appointments throughout her tenure, always being appointed to a new term-limited appointment upon completion of a prior term, irrespective of whether she had grant funding. Had the Board applied the correct preponderance standard, it would have recognized that the record overwhelmingly establishes that it is more likely true than not that Dr. Perlick reasonably and foreseeably would have continued to work beyond March 30, 2020 but for the VA's unlawful retaliation.

## POINT I

## THE BOARD IS AUTHORIZED TO AWARD FUTURE CONSEQUENTIAL DAMAGES UNDER THE WPA

The WPA explicitly provides that corrective action for a violation "may include . . . that the individual be placed, as nearly as possible, in the position the individual would have been in had the prohibited personnel practice not occurred." 5 U.S.C. § 1221(g)(1)(A)(i). The WPA further provides for "back pay and related benefits, medical costs incurred, travel expenses, *any other reasonable and foreseeable consequential damages*, and compensatory damages." 5 U.S.C. § 1221(g)(1)(A)(ii) (emphasis supplied).

This Court has considered this type of "make whole" relief – placing an individual in the position they would have occupied but for the unlawful harm – as analogous to expectancy damages in contract actions. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1284 (Fed. Cir. 2017). Expectancy damages necessarily contemplate prospective harm, such as lost profits. *Fifth Third Bank v. U.S.*, 518 F.3d 1368, 1374 (Fed. Cir. 2008). In *Bohac v. Dep't of Agriculture*, this Court recognized that whistleblowing claims under the WPA seem most closely "akin" to claims for wrongful discharge, which, at common law, provided for traditional contract damages. 239 F.3d 1334, 1341 (Fed. Cir. 2001). *Bohac* also noted that consequential damages in contract law are tied to foreseeability. *Id.* at 1340.

While *Bohac* excluded non-pecuniary emotional distress damages from the definition of "consequential damages" under the WPA,[1] it did not preclude future consequential damages, which are consistent with contract law. In fact, this Court underscored the availability of future consequential damages under the WPA in *Oliva v. Dep't of Veterans Affairs*, 817 F. App'x 980, 982 (Fed. Cir. 2020) (finding

[1] Congress addressed this exclusion, and emphasized the remedial purpose of the WPA, by amending § 1221(g)(1)(A)(ii) in the Whistleblower Protection Enhancement Act of 2012 to include compensatory damages, like emotional distress.

prospective relief for lost relocation incentive pay available under the WPA, but affirming the Board's denial of such relief based on the factual record).[2]

The Board consistently has found, in reliance on the same expectancy theory, that consequential damages include various forms of future losses. In *Pastor v. Department of Veterans Affairs*, the Board found that future medical costs were recoverable under §1221(g)(1)(A)(i) and (ii). 87 M.S.P.R. 609 (2001). The Board emphasized that the WPA is "remedial legislation, intended to expand and improve protections afforded federal employees who are whistleblowers." *Id.* at 615. Stating that the WPA should be "liberally construed," the Board held that the "make whole" relief contemplated by placing a person in the position they would have occupied but for the unlawful harm requires fashioning "the most complete relief possible" within the terms of the statute. *Id.,* citing *Albemarale Paper Co. v. Moody*, 422 U.S. 405, 421 (1975). Reading §1221(g)(1)(A)(ii) in harmony with the directive of §1221(g)(1)(A)(i), the Board held that making an appellant whole requires awarding damages for anticipated future harm:

> If . . . [the statute] is construed to include only medical expenses that have been incurred as of the date of the closing of the record in the consequential damages phase of a Board proceeding, an appellant's ability to claim her

[2] In fact, in a companion case decided the same day as *Oliva*, this Court found prospective lost incentive pay available and plausibly alleged in a breach of contract claim arising out of the same facts that plaintiff had filed in the Court of Claims. *Oliva v. United States*, 961 F.3d 1359, 1364 (Fed. Cir. 2020).

> losses will be arbitrarily cut short depending on how quickly her case is adjudicated.

*Id.* In support of this proposition, the Board cited a string of cases involving breach of contract claims, in which courts found, under contract theory, that consequential damages for future losses — "loss of future identifiable professional opportunities," "loss of future business opportunities," "loss of goodwill and customers in the future," and "loss of prospective profits" — were available to make plaintiffs whole. *Id*. at 616 (citations omitted).

On a petition for review, the Board reiterated its holding even more explicitly, stating that the term "medical costs incurred," as articulated in § 1221(g)(1)(A)(ii), "can include future medical expenses and costs that are a result of the retaliation." *Pastor v. Dep't of Veterans Affairs*, 94 M.S.P.R. 353 (2003). The Board repeatedly has reiterated this doctrine. *See, e.g., Matter of Guzman v. Dep't of Homeland Sec*., 2020 WL 5879686 (Sep't 30 2020) (awarding damages for future psychiatric care copays); *Matter of Muhammad v. Dep't Veterans Affairs*, 2020 WL 7348408 (Dec. 7, 2020) (damages available for loss of prospective employment); *Matter of Bagnulo v. Department of the Interior*, 2001 WL 1629878, at * 3 (Sep't 5 2001) (damages claimed by appellant include not only past reductions in her compensation benefits, but also future reductions). And despite the VA's suggestion to the contrary, *Hickey v. Dep't of Homeland Sec.*, 766 F. App'x 970 (Fed. Cir. 2019) and *Carson v. Dep't of Energy*, 64 F. App'x 234 (Fed.

Cir. 2003) do not stand in opposition to that doctrine, as they were each decided on their specific facts.[3]

Dr. Perlick's request for lost future earning capacity is consistent with this historical approach to future damages under the WPA, and necessary to make her whole. Such damages are available under the WPA and should be awarded so long as they are reasonable and foreseeable. There is no question, based on the evidence that Dr. Perlick produced at hearing, that she suffered lost future earning capacity based on the unlawful termination she suffered, and false rumors about the reason for her termination. *See infra* at POINT III.

**POINT II**

**THE BOARD IMPROPERLY REQUIRED DR. PERLICK TO "GUARANTEE" FUTURE EMPLOYMENT, AT THE VA OR ELSEWHERE, BY INJECTING THE REQUIREMENT OF "CERTAINTY" INTO THE PREPONDERANCE STANDARD**

The Board stated unambiguously in its decision that the reason it denied Dr. Perlick's request for consequential damages for future lost earning capacity was because "there were no guarantees of future employment" beyond March 31, 2020,

[3] In *Hickey*, this Court denied appellant's request for consequential damages because he did not submit "*any*" evidence in support of his damages claims, suggesting the relief appellant sought would have been awarded had he provided evidence of his losses. 766 F. App'x at 979 (emphasis in the original). In *Carson*, this Court determined that the appellant could not recover damages for leave time he voluntarily took to pursue his appeal, as awarding such damages would be tantamount to an award of attorney's fees compensating him for the time he spent litigating the matter. 64 F. App'x at 240-41.

the date that the SAFER Project was scheduled to conclude. Appx0087. This statement constitutes an impermissible departure from the applicable preponderance standard, requiring that the Board's finding be vacated.

For purposes of the WPA, preponderance of the evidence is defined as "the amount of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely true than untrue." 5 C.F.R. § 1201.4(q). There is no "guarantee" requirement in this preponderance standard. This Court has addressed the preponderance standard repeatedly in a variety of contexts, finding that it does not require "certainty" about a fact to establish it. *See, e.g., Moberley*, 592 F.3d at 1322, n.2; *see also LaLonde v. Sec'y of Health & Human Servs.*, 746 F.3d 1334, 1338 (Fed. Cir. 2014) (preponderance does not require proof to a level of scientific certainty); *Simanski v. Sec'y of Health & Human Servs.*, 671 F.3d 1368, 1384 (Fed. Cir. 2012) (preponderance does not require certainty and need not be conclusive); *In re Cook*, 205 B.R. 437, 442 (Bankr. N.D. Fla. 1997) ("a preponderance of the evidence is a far cry from a guarantee").

The VA does not challenge the definition of the preponderance standard under the WPA; that this definition comports with the ordinary meaning ascribed to

"preponderance" by BLACK'S LAW DICTIONARY;[4] or how "preponderance" is typically used in jurisprudence. Instead, the VA changes the subject, complaining that some of the cases that Dr. Perlick cites for the proposition that "preponderance" does not require "certainty" or a "guarantee" do not involve the WPA. But as this Court has held, in reliance on the United States Supreme Court, the "preponderance" standard is "the most common standard in the civil law," and its meaning is generally applicable across a range of civil statutes. *Moberley*, 592 F.3d at 1322 n.2, citing *Concrete Prods and Pipes of Cal., Inc. v. Construction Laborers Pension Trust for S. Cal*., 508 U.S. 602 (1993) (quotation omitted). The VA offers no alternative definition for "preponderance" that would permit requirement of a guarantee, nor does it suggest any reason why certainty or a guarantee may be required to satisfy preponderance under the WPA.

Unable to explain or justify the Board's improper requirement of a guarantee under the WPA's clear and unambiguous definition of "preponderance," the VA attempts a second misdirection, claiming that the Board's reference to "guarantee" reflects its conclusion that Dr. Perlick's future lost earning capacity damages are not reasonable and foreseeable. But this is not what the Board said, and in any

---

[4] Preponderant evidence is "evidence that has the most convincing force; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." BLACK'S LAW DICTIONARY, *Preponderance of the Evidence* (11th ed. 2019).

event, the reasonableness and foreseeability of Dr. Perlick's claimed damages can be ascertained only after a careful review of the facts propounded, and a determination as to whether they are more likely true than not. This analysis did not happen. The Court should decline the VA's invitation to substitute the Board's conclusion, based on a misapplication of the preponderance standard, for careful consideration and weighing of the facts.

## POINT III

### THE RECORD EVIDENCE ESTABLISHES BY PREPONDERANT EVIDENCE THAT DR. PERLICK WOULD HAVE WORKED BEYOND MARCH 31, 2020

The Board's decision to deny Dr. Perlick damages resulting from lost future earning capacity is not supported by substantial evidence. To the contrary, Dr. Perlick established by preponderant evidence that she would have continued to work at the VA or elsewhere beyond March 31, 2020.

The VA's primary argument to uphold the Board's denial of future consequential damages is its assertion that because Dr. Perlick was on a term-limited appointment while working on the SAFER Project, she never would have worked in her field again upon the completion of that project and the subsequent expiration of her term-limited appointment. This startling assertion is belied by a wealth of record evidence, including, most significantly, the fact that Dr. Perlick always was appointed to successive term-limited appointments, irrespective of

whether she had grant funding. Appx0733, Appx0362, Appx0366-0373. Further, as detailed in Pet. Br. at 9, Dr. Perlick was a prolific researcher who regularly secured her own funding as she progressed from funded grant to funded grant, often concurrently working on two and occasionally three grants. (Dr. Perlick identified working on six such projects in the record, Appx0149-0150, and in her opening brief, Pet. Br. at 9). Thus, the fact that the SAFER Project was scheduled to conclude on March 31, 2020 had no bearing on whether Dr. Perlick would have continued her employment at the VA or obtained employment elsewhere.

The VA, like the Board, does not confront or meaningfully address this evidence. Instead, the VA dismisses case law addressing the reasonableness of ongoing employment in the context of term-limited contracts — the precise question at issue here — because the cases cited did not involve the WPA.[5] But the concept of "reasonableness" or "foreseeability," like the meaning of

[5] *See Walker v. Ford Motor Co.*, 684 F.2d 1355, 1361-62 (11th Cir. 1982) (term-employee must show only that her contract had been renewed in the past, or that contracts of similarly situated employees had been renewed, to recover future damages for unlawful termination); *Edwards v. Sch. Bd. Of City of Norton, Va.*, 658 F.2d 951, 955-56 (4th Cir. 1981) ("[t]o require those who have been subjected to unlawful discrimination to prove a continuing entitlement to their jobs in order to receive . . . awards beyond the terms of their current employment would frustrate the purpose of the Act and countenance discrimination without an effective deterrent"); *Emamian v. Rockefeller Univ.,* No. 07 CIV 3919 (DAB), 2018 WL 2849700, at * 14 (S.D.N.Y. June 8, 2018), *aff'd*, 971 F.3d 380 (2d Cir. 2020) (awarding future damages for three-year term beyond expiration of contract based on renewal of peers' contracts); *see also* Pet. Br.at 24-25.

"preponderance," has general application across a range of statutes and cases, and means the same thing regardless of the circumstances in which it is applied. *See e.g.*, *Citizens Fed. Bank v. United States*, 474 F.3d 1314, 1321 (Fed. Cir. 2007) (defining foreseeable damages in a breach of contract case to mean that the "[i]njury actually suffered must be one of a kind that the defendant had reason to foresee and of an amount that is not beyond the bounds of reasonable prediction."); Black's Law Dictionary (11th ed.) ("foreseeability" means "the quality of being reasonably anticipatable").[6] The cases cited by Dr. Perlick all stand for the proposition that the expiration of a contractual term, by itself, does not necessarily mean that damages for lost future earning capacity expire with the term. Similarly, Dr. Perlick's citation of cases awarding future damages for lost wages all address the general concept of foreseeability. Pet. Br. at 33-36.

The VA also entirely fails to address Dr. Perlick's evidence that: (1) top VA officials broadcast inaccurate information about the reason for Dr. Perlick's termination, damaging her professional standing, Appx1439-1440; (2) false rumors about the basis for her termination impeded her efforts to move within the VA, Appx1536-1537; (3) since March 31, 2020, Dr. Perlick has applied to dozens of jobs for which she is qualified without success, Appx1292, Appx1538-1539; and

[6] Where a statute does not define a term, the reviewing court must give the undefined term its ordinary meaning. *AK Steel Corp v. United States*, 226 F.3d 1361, 1371 (Fed. Cir. 2000).

(4) Dr. Perlick would like to continue working in her field for at least another ten years, Appx1539. *See also* Pet. Br. at 5-6. And while the VA claims that it has "rebutted" the statement of Dr. Perlick's expert, Dr. Robert Toutkoushian, that academics in Dr. Perlick's field routinely work past age 70, the substance of this "rebuttal" is the VA's same hollow argument that Dr. Perlick's appointment was term-limited. Resp. Br. at 20-22. The VA does not dispute that it failed to call its own expert to rebut Dr. Toutkoushian.

Contrary to the VA's contention, the Board did not meaningfully assess, weigh or address these facts. Instead, the Board simply pointed to the scheduled conclusion date of the SAFER Project, cited the lack of "guaranteed" employment, and stopped its analysis there. This is insufficient under the standards governing Board review of a request for consequential damages. *See* Pet. Br. at 16-18.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Dr. Perlick's initial brief, the requested relief should be granted and Dr. Perlick awarded damages for lost future earning capacity.

Dated: New York, New York
May 3, 2023

Respectfully submitted,

STULBERG & WALSH, LLP
Attorneys for Petitioner-Appellant

By: /s/ Patrick J. Walsh

Patrick J. Walsh
Robert B. Stulberg
Zachary R. Bergman
14 Wall Street, Suite 5G
New York, NY 10005
Tel: (212) 268-1000
pwalsh@stulbergwalsh.com

*Counsel to Petitioner*
*Deborah A. Perlick*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. Cir. R. 32(b). This brief contains 3,106 words, excluding the parts of the brief exempted by Fed. Cir. R. 32(b)(2) and Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Times New Roman font.

Dated: May 3, 2023

/s/ Patrick J. Walsh
Patrick J. Walsh

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2023, I electronically filed the foregoing Brief for Petitioner, with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: May 3, 2023

/s/ Patrick J. Walsh
Patrick J. Walsh